[Cite as *State v. Hamlin*, 2016-Ohio-1196.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27650 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL HAMLIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 02 0359 |

DECISION AND JOURNAL ENTRY

Dated: March 23, 2016

CARR, Presiding Judge.

{¶1} Appellant, Michael Hamlin, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands for further proceedings.

I.

{¶2} Hamlin was charged with rape of a child under the age of 13 and gross sexual imposition. Pursuant to a plea agreement that removed the age of the victim as an element of the offense, he pleaded guilty to both counts. The parties jointly recommended a sentence of ten years for rape and four years for gross sexual imposition, with those sentences to be served consecutively. During the sentencing hearing, the trial court asked the parties whether the offenses should merge for sentencing. Hamlin's counsel advised the court that the offenses should not merge and that there was no need to conduct a merger analysis.

**{¶3}** The trial court imposed the agreed sentence. The court also ordered Hamlin to have no contact with the victim.

**{¶4}** Hamlin has appealed his sentence and presented two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TWO CONVICTIONS AND TWO SENTENCES VIOLATE THE DOUBLE JEOPARDY PROTECTION OF THE U.S. CONSTITUTION BECAUSE THE INDICTMENT INCLUDES THE IDENTICAL DATE RANGE FOR BOTH OFFENSES, AND THEREFORE BOTH CONVICTIONS AND SENTENCES MAY BE FOR A SINGLE ACT OCCURRING ON THE SAME DATE, CONSTITUTING PLAIN ERROR.

**{¶5}** Hamlin argues in his first assignment of error that the trial court erred when it sentenced him on allied offenses of similar import. He contends that the trial court committed plain error when it imposed sentences on both counts without conducting a merger analysis.

**{¶6}** A defendant may appeal his sentence pursuant to R.C. 2953.08. R.C. 2953.08(D)(1) establishes a statutory limit on a court of appeals' jurisdiction to hear an appeal of the defendant's sentence. It prevents appellate review of a sentence "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, ¶ 22. Hamlin has argued that his sentence is not authorized by law because the trial court did not conduct an allied offense analysis; he has not challenged any other aspect of his sentence.

**{¶7}** There is no dispute that the sentence was jointly recommended and imposed by a sentencing judge. A sentence is authorized by law and is not appealable only if it comports with all mandatory sentencing provisions. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, paragraph two of the syllabus.

**{¶8}** Hamlin relies on *Underwood*, which held that when a trial court imposes sentences for multiple convictions on offenses that are allied offenses of similar import, R.C. 2953.08(D)(1) does not bar appellate review of the sentence even though it was jointly recommended by the parties and imposed by the court. 124 Ohio St.3d 365, 2010–Ohio–1, at paragraph one of the syllabus. The Court also recognized an exception to this general rule, noting that the State and defendant can stipulate that the offenses were committed with a separate animus. *Id.* at ¶ 29.

**{¶9}** The Supreme Court reiterated this exception in *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459. The Court held that a defendant could waive the protection afforded by the allied offense statute. *Id.* at ¶ 20. One way for a defendant to do this is to stipulate in the plea agreement that the offenses were committed with a separate animus. *Id.*

**{¶10}** After reviewing the transcript of the sentencing hearing, we conclude that Hamlin waived the protection of the allied offense statute. When the prosecutor described the plea agreement at the start of the combined plea and sentencing hearing, he told the trial court that the parties agreed that the sentence should be a total of 14 years for the two offenses.

**{¶11}** Hamlin's attorney told the trial court that the prosecutor accurately stated the plea agreement. He addressed the offenses and said:

> Judge, I would ask you to structure that sentence as follows: To impose a ten-year sentence on Count 1, the rape charge, and a four-year sentence on the gross sexual imposition Count 2 charge, to be run consecutively for a total of 14 years.

> Mr. Hamlin is aware of his constitutional rights. I have explained those to him.

**{¶12}** Immediately after accepting Hamlin's guilty pleas, and finding him guilty, the following exchange occurred:

With that being said, from the State of Ohio and, [Hamlin's counsel], I will ask you the same question, do we have any issues of merger with Count 1 and Count 2?

{¶13} The prosecutor responded that there was no issue of merger. Hamlin's attorney then said:

It is a non merger. We believe they were - - consecutive sentences are appropriate.

{¶14} The parties informed the trial court that these offenses were not allied offenses subject to merger. At both the plea and sentencing stage, Hamlin asserted that the offenses were not subject to merger. He waived any argument that these offenses were allied offenses by telling the court that merger was not an issue and consecutive sentences were appropriate.

{¶15} Hamlin now argues that a forfeiture analysis is appropriate, but this is not a case where the defendant failed to timely assert a right. *Rogers* at ¶ 21. Rather, Hamlin intentionally abandoned a known right, the right to argue that the offenses were subject to merger, by affirmatively stating that merger does not apply and consecutive sentences are appropriate. *Rogers* at ¶ 20. The record demonstrates that Hamlin "intended to relinquish the opportunity to argue that he committed his offenses with the same conduct and the same animus." *Id.* Thus, Hamlin waived this issue.

{¶16} Hamlin waived the merger issue he now asserts on appeal. Because the sentences complied with the mandatory-sentencing provisions, they were authorized by law. Accordingly, this Court is without jurisdiction to review the sentences, and the first assignment of error is overruled. *See Noling*, 2013–Ohio–1764, at ¶ 22.

## ASSIGNMENT OF ERROR II

THE SENTENCING ENTRY IMPOSES A PRISON TERM AND A NO CONTACT ORDER WHICH IS VOID AS A MATTER OF LAW AS EXPLAINED BY STATE V. ANDERSON.

**{¶17}** In his second assignment of error, Hamlin argues that the trial court erred by imposing a no contact order as part of his sentence. The State has conceded that the trial court erred. In light of the Ohio Supreme Court's conclusion that a trial court cannot impose a prison term and a no-contact order for the same offense, *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶ 32, the assignment of error is sustained and this matter is remanded with instructions for the trial court to vacate the no-contact order. *State v. Clayton*, 9th Dist. Summit No. 27515, 2015–Ohio–2499, ¶ 12.

III.

**{¶18}** Hamlin's first assignment of error is overruled and his second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part, and
cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.