[Cite as *State v. Deniro*, 2017-Ohio-1025.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 28263 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROCKNE DENIRO | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2016 01 0239 |

DECISION AND JOURNAL ENTRY

Dated: March 22, 2017

CALLAHAN, Judge.

{¶1} Rockne Deniro appeals his conviction from the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Deniro is a registered sex offender with a lifetime reporting requirement. In 2016, Mr. Deniro was indicted for failing to provide notice of his change of address in violation of R.C. 2950.05. At his arraignment, Mr. Deniro "stood mute" and the court entered a plea of not guilty on his behalf. After a series of pretrials, Mr. Deniro entered into a plea agreement with the State.

{¶3} At the plea hearing, the State and defense counsel informed the trial court that they had agreed to recommend a two-year sentence in exchange for Mr. Deniro's guilty plea to the charge. In addition, they jointly recommended that the court not impose a sentence for a post-release control violation. The court then addressed Mr. Deniro personally.

**{¶4}** Following the plea colloquy, the court asked Mr. Deniro what his plea was. Mr. Deniro responded, "Guilty, Your Honor." The court found that Mr. Deniro had entered his plea knowingly, intelligently, and voluntarily and found him guilty.

**{¶5}** Thereafter, the court referenced a letter[1] it had received from Mr. Deniro and advised Mr. Deniro of the seriousness of his reporting requirements. Mr. Deniro then explained some of the circumstances related to his failure to report his change of address. The substance of his explanation is not entirely clear, but appears to involve his misunderstanding regarding requirements he had in Cuyahoga and Summit Counties.

**{¶6}** The court then sentenced Mr. Deniro to the agreed upon two years for failing to provide notice of his change of address. The court specifically declined to impose any sentence on the post-release control violation.

**{¶7}** Mr. Deniro appeals raising two assignments of error.

II.

**ASSIGNMENT OF ERROR NUMBER ONE**

THE TRIAL COURT ERRED IN ALLOWING APPELLANT TO ENTER A PLEA THAT WAS NOT VOLUN[T]ARILY, KNOWINGLY, AND INTELLIGENTLY ENTERED IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 5 AND 10 OF ARTICLE 1 OF THE OHIO CONSTITUTION.

**{¶8}** In his first assignment of error, Mr. Deniro argues that his guilty plea was invalid because he "thought that he would have an opportunity to litigate his guilt and prove his innocence" and did "not fully understand the consequences of his plea." This Court disagrees.

---

[1] This letter is not in the record on appeal.

{¶9} "Before accepting a guilty * * * plea, the court must make the determinations and give the warnings required in Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 13. The court must strictly comply when advising the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c). *Id.* at ¶ 22. For the nonconstitutional requirements of Crim.R. 11(C)(2)(a) and (b), the standard is substantial compliance. *Id.* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶10} Under Crim.R. 11(C)(2)(a), the trial court must "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, * * *." The court must further "[i]nform[] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty * * *." Crim.R. 11(C)(2)(b). A guilty plea is "a complete admission of the defendant's guilt." Crim.R. 11(B)(1). When a defendant contends that his plea was not knowingly, intelligently, and voluntarily made, he bears the burden of demonstrating that he was prejudiced thereby. *Nero* at 108. "The test is whether the plea would have otherwise been made." *Id.*

{¶11} During the plea colloquy the court notified Mr. Deniro: "So you understand, the charge is notice of change of address. That's a [f]elony of the 3rd degree for which [you] could receive up to three years in the Ohio State Penitentiary." The court continued by advising Mr. Deniro that a guilty plea waives certain rights and specifically addressed each constitutional right listed in Crim.R. 11(C)(2)(c). The court informed Mr. Deniro, "You need to know that a guilty plea is a complete admission of guilt, and while you do have the right to appeal a guilty plea, it's

a limited right. * * * You should not expect to be able to win the appeal of a guilty plea solely on a claim on innocence." When asked by the court during the plea colloquy whether he understood the various notifications and rights, Mr. Deniro responded affirmatively each time. At the end of the plea colloquy, the court asked Mr. Deniro for his plea. Without hesitation or equivocation, Mr. Deniro responded, "Guilty, Your Honor."

{¶12} On appeal, Mr. Deniro cites *North Carolina v. Alford*, 400 U.S. 25 (1970) and claims he "consistently proclaimed his innocence." An *Alford* plea is used in the unique circumstance when a defendant professes innocence while simultaneously expressing a desire to plead guilty. In order to accept a guilty plea under those circumstances, the court must be presented with a strong factual basis demonstrating the defendant's guilt. *Alford* at 38. Mr. Deniro did not attempt to enter an *Alford* plea in this case. "'Implicit in any *Alford* plea is the requirement that a defendant actually state his innocence on the record when entering a [guilty] plea.'" *State v. Cutlip*, 8th Dist. Cuyahoga No. 72419, 1998 WL 323556, *2 (June 18, 1998), quoting *State v. Murphy*, 8th Dist. Cuyahoga No. 68129, 1995 WL 517057, *3 (Aug. 31, 1995). A review of the plea hearing transcript reveals no instances where Mr. Deniro asserted that he was innocent.

{¶13} Under this assigned error, Mr. Deniro has not pointed to an error in the plea colloquy itself. Rather, Mr. Deniro references his discussion with the trial court concerning his letter. That discussion occurred after the court accepted his guilty plea, but before he was sentenced. During that discussion, Mr. Deniro explained some of the circumstances leading up to the current charge. He did not, however, assert that, based on his explanation, he was not guilty. *Contrast Alford* at 28, fn. 2 (wherein defendant stated, "I'm not guilty but I plead guilty"). At the end of his explanation, Mr. Deniro states, "I really appreciate you only giving

me two years when I was looking at three years plus a judicial sanction." Thus, Mr. Deniro's explanation appears to have been directed towards the trial court's anticipated sentencing decision. Not only did Mr. Deniro never assert that he was innocent, he never moved to withdraw his plea or otherwise indicated that he wished to proceed to trial.

{¶14} On appeal, Mr. Deniro also contends that he did "not fully understand the consequences of his plea, including what the maximum penalty could be if he went to trial." He again references the discussion that occurred after the trial court accepted his guilty plea. Explaining his decision to plead guilty, Mr. Deniro stated, "I didn't want to take this to trial because it was too much of a risk. It's two years and he's[2] talking seven more years." Later, Mr. Deniro reiterated, "I really appreciate you only giving me two years when I was looking at three years plus a judicial sanction." Thus, the record indicates that Mr. Deniro understood that there was a maximum sentence of three years for failing to provide notice of his change of address, plus a potential sentence for his post-release control violation.

{¶15} Moreover, Mr. Deniro has not demonstrated that he was prejudiced. He has not shown that he would not have otherwise entered his guilty plea. In fact, he expressed that he was entering his plea because he thought by doing so he would receive a two-year sentence, which is the sentence the trial court imposed.

{¶16} Mr. Deniro's first assignment of error is overruled.

## **ASSIGNMENT OF ERROR NUMBER TWO**

THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH THE REQUIREMENTS OF OHIO CRIMINAL RULE 11.

---

[2] The record is unclear as to who "he" is. Defense counsel and the assistant prosecutor at the plea hearing are both males; the trial judge is a female.

**{¶17}** In his second assignment of error, Mr. Deniro argues that the trial court failed to substantially comply with Crim.R. 11(C) because it did not inform him when sentencing would occur or if a presentence investigation report would be ordered. This Court disagrees.

**{¶18}** First, there is no requirement in Crim.R. 11 that, prior to accepting a guilty plea, the trial court inform a defendant whether a presentence investigation report will be ordered. Consequently, that portion of Mr. Deniro's argument is overruled as it is not a requirement of the rule.

**{¶19}** Turning to Mr. Deniro's argument regarding the timing of sentencing, Crim.R. 11(C)(2)(b) mandates:

> In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and *that the court, upon acceptance of the plea, may proceed with judgment and sentence*. * * *

(Emphasis added.)

**{¶20}** Mr. Deniro acknowledges that this is a nonconstitutional right and, therefore, subject to review for substantial compliance. He contends, however, that when a trial court fails to comply with the rule "prejudice is presumed." In support of this contention, Mr. Deniro cites a number of cases that are inapposite. The cases cited by Mr. Deniro involved either a complete lack of dialogue between the trial court and the defendant or the failure to advise the defendant of the constitutional rights that were being waived by the plea. *See State v. Luhrs*, 69 Ohio App.3d 731, 734 (9th Dist.1990) (no contest plea by defendant's counsel accepted in chambers when the defendant was not even present); *State v. Lovell*, 3d Dist. Seneca Nos. 13-03-23 and 13-03-24, 2003-Ohio-4357, ¶ 5 (court did not address the defendant personally at any time prior to accepting plea); *State v. Moore*, 111 Ohio App.3d 833, 838 (7th Dist.1996) (involving, inter

alia, failure to advise the defendant that he was waiving his Fifth and Sixth Amendment rights). The Ohio Supreme Court has held that "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12, citing *Nero*, 56 Ohio St.3d at 108. "The test is whether the plea would have otherwise been made." *Nero* at 108.

{¶21} In the current case, there was an agreed sentencing recommendation, which the court followed. At the beginning of the plea hearing, the State advised the court that there was "an agreed sentence of two years." Defense counsel requested that the court follow the State's recommendation of two years "after taking Mr. Deniro's guilty plea." After his plea was accepted but before sentence was imposed, Mr. Deniro expressed his appreciation that he would be receiving "two years when I was looking at three years plus a judicial sanction." The trial court imposed a two-year sentence as agreed to by the parties. Mr. Deniro has not demonstrated that he would not have entered into the plea agreement had he been informed that sentence could be imposed immediately upon the acceptance of his plea. As such, Mr. Deniro was not prejudiced.

{¶22} Mr. Deniro also contends that the trial court failed to discuss the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. To the extent that Mr. Deniro argues that this should have been part of the plea colloquy, Crim.R. 11 does not require a trial court inform a defendant of the statutory factors that will be considered in sentencing. To the extent that Mr. Deniro is attempting to challenge the trial court's compliance with sentencing considerations, that challenge is beyond the scope of his stated assignment of error and, therefore, will not be addressed by this Court. *See, e.g.*, *State v. Bennett*, 9th Dist. Lorain No. 14CA010579, 2015-Ohio-2887, ¶ 13 (noting that an appellant's

assignment of error provides a roadmap for an appellate court's review). Moreover, a defendant generally cannot challenge a jointly-recommended sentence on appeal. *See* R.C. 2953.08(D)(1).

{¶23} Mr. Deniro's second assignment of error is overruled.

### III.

{¶24} Mr. Deniro's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

JASON D. WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.