[Cite as *State v. May*, 2018-Ohio-2996.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    17CA011204 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GARY L. MAY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    17CR095607 |

DECISION AND JOURNAL ENTRY

Dated: July 30, 2018

TEODOSIO, Judge.

{¶1}    Appellant, Gary L. May, appeals from his convictions in the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Mr. May was indicted on twelve counts of rape and twelve counts of sexual battery involving two young girls whom his wife was babysitting.  Prior to trial, the State amended two counts of rape to gross sexual imposition and dismissed two counts of sexual battery.  After a jury trial, Mr. May was found guilty of ten counts of rape, two counts of gross sexual imposition, and ten counts of sexual battery.  The trial court sentenced him to an aggregate total of life in prison with parole eligibility after fifteen years and found him to be a sexually-oriented offender.

{¶3}    Mr. May now appeals from his convictions and raises one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN SENTENCING APPELLANT, GARY L. MAY, BY FAILING TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶4} In his sole assignment of error, Mr. May argues that the trial court erred in sentencing him on two counts of rape, specifically Counts 11 and 12, as they were allied offenses of similar import. We disagree.

{¶5} "This Court generally applies a de novo standard of review when reviewing a trial court's decision regarding the merger of convictions for the purposes of sentencing." *State v. Harris*, 9th Dist. Medina No. 16CA0054-M, 2017-Ohio-8263, ¶ 25, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1. "When applying the de novo standard of review, this Court gives no deference to the trial court's legal determinations." *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 33.

{¶6} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and [Article I, Section 10,] of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶7} The Supreme Court of Ohio clarified the standard for an analysis of allied offenses of similar import in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. "In determining

whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. "It is the defendant's burden to establish his * * * entitlement to the protections of Section 2941.25." *State v. Dembie*, 9th Dist. Lorain No. 14CA010527, 2015-Ohio-2888, ¶ 8.

{¶8} A defendant may expressly waive the protection afforded by R.C. 2941.25. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 20, citing *Underwood* at ¶ 29. *See also State v. Hamlin*, 9th Dist. Summit No. 27650, 2016-Ohio-1196, ¶ 9. "Waiver is the intentional relinquishment or abandonment of a right * * *." *State v. Dodson*, 9th Dist. Medina No. 16CA0020-M, 2017-Ohio-350, ¶ 9. Here, a review of the record reveals that the State prepared a written "merger-of-counts analysis," which Mr. May's attorney explicitly agreed to at sentencing and which the trial court reviewed and ordered to be attached to the sentencing entry. The analysis details the merger of several counts, but does not state that Counts 11 and 12 are to be merged together for sentencing. "Where the transcript demonstrates that the state and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived." *State v. Bridges*, 8th Dist. Cuyahoga No. 105547, 2017-Ohio-8579, ¶ 22; *compare State v. Allen*, 1st Dist. Hamilton No. C-150769, 2016-Ohio-5258, ¶ 10 (stating that while concession that offenses are not allied strongly indicates waiver of the right to assert an allied-offenses argument, the issue is forfeited—rather than waived—if the concession is not actually included in a plea agreement between the parties). Because the record here reveals that Mr. May explicitly agreed to the merger of certain counts and to the non-merger of Counts 11 and 12, we conclude that he intended to relinquish the opportunity to argue that Counts 11 and 12 are allied offenses of

similar import and, consequently, the issue of allied offenses has been waived. *See Rogers* at ¶ 20.

{¶9} Even assuming arguendo that Mr. May's agreement to the non-merger of Counts 11 and 12 is somehow insufficient to establish a waiver of the issue of allied offenses, the record reveals that Mr. May never sought to have those two counts merged at his sentencing hearing. Failure to actively seek the merger of purported allied offenses at the trial court level forfeits the issue for appellate review. *See Rogers* at ¶ 21, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 15. "In contrast to waiver, forfeiture is the failure to timely assert a right or object to an error * * *." *Id.* This Court has stated that a failure to object or make any allied offenses argument at sentencing forfeits all but plain error. *See*, *e.g.*, *Harris*, 9th Dist. Medina No. 16CA0054-M, 2017-Ohio-8263, at ¶ 25. Mr. May has not argued plain error on appeal. "When an appellant does not develop a plain error argument in his brief, this Court will not create one on his behalf." *State v. Stevens*, 9th Dist. Medina Nos. 16CA0033-M and 16CA0034-M, 2017-Ohio-5482, ¶ 7. *See also Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out").

{¶10} Accordingly, Mr. May's sole assignment of error is overruled.

III.

{¶11} Mr. May's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorneym, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.