[Cite as *State v. Rouse*, 2018-Ohio-3266.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28301 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARWAIN ROUSE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 08 2381 |

DECISION AND JOURNAL ENTRY

Dated: August 15, 2018

CARR, Judge.

{¶1}   Defendant-Appellant, Darwain Rouse, appeals from his sentence in the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   Rouse was indicted on counts of: (1) aggravated robbery with an attendant repeat violent offender specification and an attendant firearm specification; (2) felonious assault with an attendant repeat violent offender specification and an attendant firearm specification; (3) having weapons under disability; (4) obstructing official business; and (5) tampering with evidence. The parties reached an agreement wherein Rouse agreed to plead guilty to aggravated robbery, felonious assault, and two firearm specifications in exchange for the State dismissing the remainder of his charges and specifications.  The parties agreed that he would be sentenced to a total of ten years in prison with six of those years stemming from mandatory, consecutive terms on his firearm specifications.

{¶3} Pursuant to the parties' agreement, the court accepted Rouse's plea and sentenced him to two three-year terms on his firearm specifications and two four-year terms on his two underlying charges. The court ordered the four-year terms to run concurrently with one another, but consecutive to the firearm specifications. It further ordered the three-year terms on the firearm specifications to run consecutively with each other. Accordingly, consistent with the parties' agreement, the court sentenced Rouse to serve ten years in prison.

{¶4} Rouse appealed from the trial court's judgment and was appointed counsel. Appointed counsel ultimately filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), as well as a motion to withdraw. This Court granted the motion to withdraw, but, upon independent review, determined that there were issues with arguable merit. *See State v. Rouse*, 9th Dist. Summit No. 28301 (Dec. 20, 2017). Consequently, we appointed new appellate counsel. New appellate counsel later filed a brief, and the State responded in opposition.

{¶5} Rouse's appeal is now before this Court and raises two assignments of error for review. For ease of analysis, we consolidate the assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES FOR THE FIREARM SPECIFICATION IN VIOLATION OF R.C. 2929.14 OF THE OHIO REVISED CODE[.]

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING SENTENCES OF ALLIED OFFENSES OF SIMILAR IMPORT, IN VIOLATION OF APPELLANT'S DOUBLE JEOPARDY PROTECTIONS[.]

{¶6} In both of his assignments of error, Rouse argues that his sentence is contrary to law. Specifically, he argues that the court committed errors of law when it sentenced him to

consecutive terms on his firearm specifications and to allied offenses of similar import. This Court rejects his arguments.

{¶7} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} "[A] defendant generally cannot challenge a jointly-recommended sentence on appeal." *State v. Deniro*, 9th Dist. Summit No. 28263, 2017-Ohio-1025, ¶ 22. "R.C. 2953.08(D)(1) establishes a statutory limit * * * [and] prevents appellate review of a sentence 'if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.'" *State v. Hamlin*, 9th Dist. Summit No. 27650, 2016-Ohio-1196, ¶ 6, quoting *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, ¶ 22. A sentence is "authorized by law * * * only if it comports with all mandatory sentencing provisions." *Hamlin* at ¶ 7, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, paragraph two of the syllabus.

{¶9} Rouse does not dispute that he pleaded guilty and received a jointly-recommended sentence. He argues that his sentence is contrary to law, however, because the court violated R.C. 2929.14(B)(1)(b) when it sentenced him to consecutive terms on his firearm specifications. According to Rouse, his felonies were "committed as part of the same act or

transaction," so the court could only impose upon him one prison term for those specifications. R.C. 2929.14(B)(1).

{¶10} If a defendant pleads guilty to a firearm specification of the type described in R.C. 2941.145, he is subject to a mandatory three-year sentence. R.C. 2929.14(B)(1)(a)(ii). In the instance of multiple firearm specifications, a defendant generally will be subject to only one three-year sentence "for felonies committed as part of the same act or transaction." R.C. 2929.14(B)(1)(b). The general rule does not apply, however, when R.C. 2929.14(B)(1)(g) controls. *Id.* That subsection provides, in relevant part, that

> [i]f an offender * * * pleads guilty to two or more felonies, if one or more of those felonies are * * * aggravated robbery [or] felonious assault * * *, and if the offender * * * pleads guilty to a [firearm] specification * * * in connection with two or more of the felonies, the sentencing court *shall impose on the offender the [three-year] prison term * * * for each of the two most serious specifications of which the offender * * * pleads guilty* and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

(Emphasis added.) R.C. 2929.14(B)(1)(g). Thus, under R.C. 2929.14(B)(1)(g), a trial court is required to order consecutive service of a defendant's specifications. *See State v. Urconis*, 9th Dist. Wayne No. 16AP0061, 2017-Ohio-8515, ¶ 8-10.

{¶11} The record reflects that Rouse pleaded guilty to aggravated robbery and felonious assault. It further reflects that he pleaded guilty to the two firearm specifications linked to those counts. Because he pleaded guilty to two felonies enumerated within R.C. 2929.14(B)(1)(g) and two firearm specifications linked to those felonies, the court was required to sentence him to consecutive three-year prison terms on his specifications. *See* R.C. 2929.14(B)(1)(g); *Urconis* at ¶ 8-10. That portion of his sentence comports with the mandatory sentencing provisions, so it is authorized by law. *Hamlin*, 2016-Ohio-1196, at ¶ 7. As such, Rouse may not challenge it on

appeal. *See* R.C. 2953.08(D)(1); *Hamlin* at ¶ 7. His first assignment of error is overruled on that basis.

{¶12} Next, Rouse argues that his sentence is contrary to law because the court violated R.C. 2941.25(A) when it sentenced him to allied offenses of similar import. According to Rouse, his offenses were of a similar import and were not committed separately or with a separate animus. He avers that the court had an independent duty to inquire as to whether his offenses were subject to merger and its failure to do so constitutes reversible error.

{¶13} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, * * * the defendant may be convicted of only one." R.C. 2941.25(A). If a court violates R.C. 2941.25(A) by sentencing a defendant to allied offenses, R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court." *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at paragraph one of the syllabus. Even so, a defendant who pleads guilty may forfeit or waive an allied offense argument by either failing to timely assert it or intentionally abandoning it at the trial court level. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21 (appellant forfeited allied offense claim for appellate review by pleading guilty and failing to seek the merger of his convictions in the trial court); *Hamlin* at ¶ 7-16 (appellant waived allied offense claim for appellate review by pleading guilty, informing the court that merger was not an issue, and conceding that consecutive sentences were appropriate).

{¶14} At Rouse's plea hearing, the prosecutor notified the court that the parties had reached an agreement and, as to the firearm specifications, the State was recommending consecutive three-year prison terms. A question then arose as to whether the court could impose

consecutive terms on the firearm specifications when it was ordering the underlying felonies to be served concurrently with one another. The following exchange took place:

[THE PROSECUTOR]: Can we still do that and run the specs consecutive?

THE COURT: I think so. I don't know why not.

[DEFENSE COUNSEL]: Specs would have to be consecutive.

[THE PROSECUTOR]: Can the specs be consecutive even though the underlying counts are concurrent? That's the question. I think so. * * *

[DEFENSE COUNSEL]: Well, certainly, because -- yes is the answer.

* * *

THE COURT: All right. So for a total of ten years of which six is mandatory time, right?

[DEFENSE COUNSEL]: Correct.

No one directly addressed the issue of allied offenses on the record. Before accepting Rouse's plea, however, the trial court directly reviewed the terms of his sentence with him. Rouse indicated that he understood he was agreeing to serve three-year prison terms on both of his firearm specifications for a total of six years of mandatory time on those.

{¶15} Assuming without deciding that Rouse did not, in fact, waive his allied offense claim through his own statements and those of his counsel, the record supports the conclusion that he forfeited his claim for appellate review. *See Rogers* at ¶ 21. While a defendant who forfeits his allied offense claim still may argue plain error on appeal, *see id.* at ¶ 22-27, Rouse has not done so. This Court will not "fashion a plain error argument on [his] behalf and then address it sua sponte." *State v. Patterson*, 9th Dist. Lorain No. 16CA011035, 2017-Ohio-8196, ¶ 24. Rouse has not shown that his sentence runs afoul of the mandatory sentencing provisions that apply in the context of allied offenses. Accordingly, he has not shown that his sentence is

not authorized by law and may not challenge it on appeal. *See* R.C. 2953.08(D)(1); *Hamlin*, 2016-Ohio-1196, at ¶ 7. Rouse's second assignment of error is overruled.

III.

{¶16} Rouse's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

AVIVA L. WILCHER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.