[Cite as *State v. Ramey*, 2020-Ohio-1058.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

DARIUS RAMEY

    Appellant

C.A. No.    18CA011331

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CR094746

DECISION AND JOURNAL ENTRY

Dated: March 23, 2020

TEODOSIO, Presiding Judge.

{¶1}    Defendant-Appellant, Darius Ramey, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2}    Mr. Ramey was just 16 years old when he fired a gun at a house, struck a man in the head, and killed him. A complaint was filed against Mr. Ramey in juvenile court, but that court later determined that he was not amenable to rehabilitation in the juvenile justice system. Consequently, Mr. Ramey was bound over to the common pleas court and indicted. He was charged with murder, felony murder, and two counts of felonious assault. Additionally, each of his counts carried a three-year firearm specification.

{¶3}    Mr. Ramey ultimately agreed to plead guilty to reduced charges. He and the prosecutor signed both a written plea agreement and an extensive sentencing agreement encompassing the terms of his plea and agreed upon sentence. The parties agreed that Mr. Ramey

would plead guilty to the amended charges of involuntary manslaughter with a three-year firearm specification, improperly discharging a firearm at a habitation with a three-year firearm specification, tampering with evidence with a one-year firearm specification, and felonious assault with a three-year firearm specification. The parties agreed that only the counts for involuntary manslaughter and felonious assault would merge as allied offenses of similar import. On his remaining counts and specifications, Mr. Ramey would be sentenced to an aggregate prison term of 21 years with "credit for all time served as required by law." In exchange for the benefits he received, Mr. Ramey agreed not to pursue any direct appeals, "subject only to the ethical limitations regarding prosecutorial misconduct or ineffectiveness of counsel * * *."

{¶4} Consistent with the parties' agreement, the trial court sentenced Mr. Ramey to 21 years in prison. Mr. Ramey then filed a notice of appeal. The State moved to dismiss the appeal due to Mr. Ramey having waived his appellate rights as part of his plea agreement, and Mr. Ramey responded in opposition. Because this Court was unable to resolve the State's motion without first reviewing the record, we deferred our ruling until final disposition. *See State v. Ramey*, 9th Dist. Lorain No. 18CA011331 (July 15, 2019).

{¶5} Mr. Ramey's appeal is now before this Court and raises four assignments of error for our review.

II.

{¶6} Initially, we consider the State's contention that this appeal ought to be dismissed due to Mr. Ramey having waived his appellate rights as a condition of his plea agreement. "[A] plea agreement is viewed as a contract between the State and a criminal defendant and is, therefore, governed by principles of contract law." *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 29. "The intent of the parties to a [plea agreement] resides in the ordinary meaning

of the language and terms employed in the agreement." *State v. Lezatte*, 9th Dist. Lorain No. 02CA008131, 2003-Ohio-1472, ¶ 8. "[E]ffect must be given to the intention of the [S]tate and the defendant in their plea bargain, and courts should enforce what they perceive to be the terms of the original plea agreement." *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, ¶ 22.

{¶7} It is undisputed that Mr. Ramey signed a sentencing agreement as part of his negotiated plea. It is also undisputed that the agreement contained a provision wherein Mr. Ramey agreed to waive his appellate rights. Yet, by the plain language of the agreement, that waiver was not absolute. *See Lezatte* at ¶ 8. The agreement provided that his waiver was "subject [] to the ethical limitations regarding * * * ineffectiveness of counsel * * *." It further provided that Mr. Ramey would waive his rights "*[i]f* [he] receive[d] the benefit of [the] Sentence Agreement * * *." (Emphasis added.) Thus, his waiver contained an exception for claims of ineffective assistance of counsel and was otherwise conditioned upon him receiving the benefit of his bargain under the sentencing agreement.

{¶8} One of Mr. Ramey's arguments on appeal is that he did not receive the full benefit of his bargain under the sentencing agreement. Another one of his arguments is that he received ineffective assistance of counsel. Because the waiver he executed was not absolute and the foregoing arguments are reviewable under the plain language of the sentencing agreement,[1] we must conclude that the State's motion to dismiss lacks merit. *See id. Compare State v. Butts*, 112 Ohio App.3d 683 (8th Dist.1996) (appeal dismissed where defendant waived his appellate rights

---

[1] To the extent Mr. Ramey has raised arguments that are not properly before us, we address those arguments in our discussion of his individual assignments of error.

in post-trial agreement, received the benefit of his bargain, and attempted to appeal an alleged trial error). As such, the motion to dismiss is denied.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT FAILED TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT AND THUS IMPOSED MORE PRISON TERMS THAN AUTHORIZED BY LAW. STATE V. RUFF, 143 OHIO ST.3D 114, 2015-OHIO-995; R.C. 2941.25.

{¶9} Mr. Ramey has first assigned as error that the trial court committed plain error when it failed to merge several of his offenses as allied offenses of similar import. At oral argument, however, his counsel conceded that his allied offense argument is not properly before us. Mr. Ramey agreed as part of his negotiated plea that two of his counts were allied offenses and the remainder were separate offenses with separate penalties. As such, he affirmatively waived his merger argument in his negotiated plea agreement. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 20; *State v. May*, 9th Dist. Lorain No. 17CA011204, 2018-Ohio-2996, ¶ 8. His first assignment of error is overruled on that basis.

## ASSIGNMENT OF ERROR TWO

THE LORAIN COUNTY COURT OF COMMON PLEAS ERRED WHEN IT FAILED TO CREDIT DARIUS RAMEY WITH TIME SERVED IN CONNECTION WITH HIS OFFENSE PURSUANT TO R.C. 2929.19 AND R.C. 2967.191 IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.

{¶10} In his second assignment of error, Mr. Ramey argues that the trial court erred when it failed to calculate his jail-time credit and include that calculation in its sentencing entry. We agree.

{¶11} When sentencing an offender, a trial court must

[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense

for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under [R.C. 2967.191].

R.C. 2929.19(B)(2)(g)(i). "An offender may challenge a trial court's jail-time credit calculation either on direct appeal or through a post-sentence motion." *State v. Yeager*, 9th Dist. Summit Nos. 28604 & 28617, 2018-Ohio-574, ¶ 22.

{¶12}   The parties herein agreed that, in exchange for his plea, Mr. Ramey would receive a sentence of 21 years in prison with "credit for all time served as required by law." Yet, the trial court did not calculate Mr. Ramey's jail-time credit when it issued his sentencing entry. The sentencing entry merely granted Mr. Ramey "[c]redit for **ALL** days * * * as of this date along with future custody days * * *." (Emphasis sic.) Mr. Ramey argues that the court erred when it failed to calculate and include in its entry the actual number of days he was confined.

{¶13}   At oral argument, the State conceded that the trial court failed to calculate Mr. Ramey's jail-time credit, but nonetheless maintained that he was without a remedy on appeal due to his having waived his appellate rights. As previously noted, however, Mr. Ramey only agreed to waive his right to appeal if he received the benefit of his bargain under the sentencing agreement. A part of the bargain he struck was that he would receive "credit for all time served as required by law." Because the court failed to comply with R.C. 2929.19(B)(2)(g)(i), Mr. Ramey has not yet received the full benefit of his bargain. It would be "both unreasonable and unconscionable" to require him to serve time that he has already served. *State v. Guiser*, 9th Dist. Summit No. 29456, 2019-Ohio-5421, ¶ 13. Moreover, as the State has emphasized in relying on *State v. Butts*, "'a deal is a deal.'" Appellee's Brief at 8, quoting *Butts*, 112 Ohio App.3d at 688. *See also Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, at ¶ 22. Because Mr. Ramey is entitled to his jail-time credit under the terms of his negotiated plea and as a matter of law, his second assignment of error is sustained.

## ASSIGNMENT OF ERROR THREE

THE LORAIN COUNTY COURT OF COMMON PLEAS ERRED WHEN IT ORDERED DARIUS RAMEY TO PAY COURT-APPOINTED COUNSEL FEES WITHOUT NOTIFYING HIM THAT HE WOULD BE REQUIRED TO PAY COURT-APPOINTED COUNSEL FEES OR MAKING AN ABILITY TO PAY DETERMINATION PURSUANT TO R.C. 2941.51(D).

{¶14}  In his third assignment of error, Mr. Ramey argues that the trial court erred when it ordered him to pay his court-appointed counsel fees in the absence of an opportunity to be heard on that issue.  Upon review, we must conclude that his argument is not properly before us.

{¶15}  As noted, "effect must be given to the intention of the [S]tate and the defendant in their plea bargain, and courts should enforce what they perceive to be the terms of the original plea agreement." *Dye* at ¶ 22.  Mr. Ramey agreed to plead guilty in exchange for waiving his appellate rights.  His negotiated plea did not address the payment of his court-appointed counsel fees.  Thus, the imposition of those fees cannot be said to have deprived him of the benefit he was promised in exchange for his plea.  *Compare* Discussion, *supra*.  Because Mr. Ramey agreed to relinquish his right to appeal in exchange for his plea, his argument is not properly before us.  *See Butts* at 687-688.  As such, his third assignment of error is overruled.

## ASSIGNMENT OF ERROR FOUR

DARIUS RAMEY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶16}  In his fourth assignment of error, Mr. Ramey argues that he received ineffective assistance of counsel because his attorney did not object when the court (1) sentenced him on allied offenses, (2) failed to calculate his jail-time credit, and (3) ordered him to pay his appointed counsel fees in the absence of an opportunity to be heard on that issue.  Because Mr. Ramey has

abandoned his allied offense argument on appeal and we have already resolved the matter of his jail-time credit calculation, we limit our analysis to his third issue. *See* App.R. 12(A)(1)(c).

**{¶17}** "R.C. 2941.51(D) allows a trial court to order a defendant to pay some or all of his court-appointed attorney fees, but only after finding that [he] is financially capable of doing so." *State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Ohio-4134, ¶ 37. Mr. Ramey argues that his counsel was ineffective because he failed to ensure that the court complied with R.C. 2941.51(D) before imposing his court-appointed attorney fees. Because his argument sounds in ineffective assistance of counsel, he must establish both that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, he must prove that there exists "a reasonable probability that the trial court would have waived the imposition of [his court-appointed attorney fees] * * * if his counsel [had] asked the court to do so." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, ¶ 233, citing *State v. Smith*, 12th Dist. Warren No. CA2010-06-057, 2011-Ohio-1188, *rev'd on other grounds*, 131 Ohio St.3d 297, 2012-Ohio-781, ¶ 11.

**{¶18}** The record reflects that the trial court ordered Mr. Ramey to pay his court-appointed counsel fees without first addressing them at his sentencing hearing. The court's failure to notify Mr. Ramey of those fees and give him the opportunity to claim indigency was error. *See El-Jones* at ¶ 38. Even so, Mr. Ramey has not shown that there exists a reasonable probability that the court would have waived those fees if his counsel had asked it to do so. *See Dean* at ¶ 233. As Mr. Ramey notes, he waived a pre-sentence investigation report, so the record contains scant information about his background. He was quite young at the time of sentencing, however, and the court did verify that he did not suffer from any disabilities that might affect his ability to work. Mr. Ramey has not shown that, but for the actions of his counsel, the court would have disregarded

those facts and granted the waiver. *See id.* at ¶ 233. Accordingly, we must conclude that he has not proven his claim of ineffective assistance of counsel. *See Strickland* at 687. Mr. Ramey's fourth assignment of error is overruled.

### III.

{¶19} Mr. Ramey's second assignment of error is sustained. His remaining assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

VICTORIA BADER, Assistant State Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.