[Cite as *State v. Nutter*, 2024-Ohio-2434.]

STATE OF OHIO            )          IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                       C.A. No.      30909

    Appellee

    v.                             APPEAL FROM JUDGMENT
                                   ENTERED IN THE
DREW NUTTER                         COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
    Appellant                      CASE No.      CR 21 03 1066

DECISION AND JOURNAL ENTRY

Dated: June 26, 2024

FLAGG LANZINGER, Judge.

{¶1}    Appellant-Defendant Drew Nutter appeals the judgment of the Summit County Court of Common Pleas sentencing him to a four-year prison sentence. This Court affirms.

I.

{¶2}    On April 19, 2023, a grand jury indicted Nutter on three counts: (1) felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2), (2) failure to comply with an order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B), and (3) obstructing official business, a felony of the fifth degree, in violation of R.C. 2921.31(A).

{¶3}    On September 27, 2023, the trial court held a change of plea hearing. Pursuant to Crim.R. 11 negotiations, Nutter pleaded guilty to an amended count of attempted felonious assault, a felony of the third degree and one count of failure to comply with an order or signal of a police officer, a felony of the third degree. Upon the State's motion, the trial court dismissed Count three.

As part of Crim.R. 11 negotiations, the State indicated that Nutter had been screened and approved for Valor Court. Consequently, the State agreed it would not object to judicial release after six months in prison provided that Nutter had a "good institutional record and Valor Court would still take him." At that same hearing, the court imposed the jointly recommended sentence that included consecutive terms of two years for each count, for a total four-year prison sentence.

{¶4} Nutter now appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT COMMITTED A REVERSIBLE ERROR WHEN IT ABUSED ITS DISCRETION BY ENFORCING THE PLEA NEGOTIATION.**

{¶5} In his sole assignment of error, Nutter challenges his sentence and asserts that the trial court should have disregarded the negotiated sentencing recommendation. Nutter asserts the court should have sentenced him to less prison time or placed him on community control and allowed him to participate in Valor Court. We disagree.

{¶6} As a preliminary matter, this Court notes that the assignment of error references an abuse of discretion in "enforcing the plea negotiation." However, Nutter's brief makes no argument about the merits of the plea but instead argues that the court abused its discretion by imposing the agreed sentencing recommendation. "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 13, quoting *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5. "Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists." *King* at ¶ 13, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

Accordingly, we decline to address whether the plea was made voluntarily, knowingly, or intelligently.

{¶7} "Generally speaking, a defendant cannot challenge a jointly-recommended sentence on appeal." *State v. Zazzara*, 9th Dist. Medina No. 18CA0007-M, 2019-Ohio-662, ¶ 10, citing *State v. Deniro*, 9th Dist. Summit No. 28263, 2017-Ohio-1025, ¶ 22. R.C. 2953.08(D)(1) states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "A sentence is 'authorized by law' * * *only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, paragraph two of the syllabus, quoting R.C. 2953.08(D)(1). In *State v. Sergent*, the Ohio Supreme Court clarified that a jointly recommended consecutive sentence is "authorized by law" and not appealable even when the trial court does not make consecutive findings. 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 30.

{¶8} Here, Nutter's sentence is authorized by law. Nutter's two-year sentence for count one, attempted felonious assault, was within the maximum prison term allowed by statute for a felony of the third degree. *See* R.C. 2929.14(A)(3). Nutter's two-year sentence for count two, failure to comply with an order or signal of a police officer, was also within the maximum prison term allowed by statute. *See* R.C. 2929.14(A)(3). Following the agreement of the parties, the trial court imposed consecutive sentences. The trial court was not required to make findings with regard to consecutive sentences in order for the jointly recommended sentence to be "authorized by law." *See Sergent* at ¶ 30. Because the prison terms imposed for each charge do not exceed the statutorily prescribed maximum term for each offense, and because the sentences comport with mandatory sentencing provisions, Nutter's sentence was "authorized by law."

{¶9}    Nutter's four-year sentence was jointly recommended by parties and imposed by the court.  During the change of plea hearing, the State enumerated the terms of the plea agreement, stating "Nutter will be pleading guilty to amended Count One, attempted felonious assault, a felony of the third degree; Count Two, failure to comply, a felony of the third degree." As part of the plea negotiations, the State indicated it "would move to dismiss Count Three of the indictment. The jointly-recommended sentence would be two years on each count to run consecutive to each other for a total of four years." Nutter's trial counsel confirmed that Nutter jointly recommended the sentence. Nutter then pleaded guilty to the charges of attempted felonious assault and failure to comply with an order or signal of a police officer. The trial court accepted Nutter's guilty plea, found him guilty, and proceeded to sentencing. The trial court imposed the jointly recommended sentence of two two-year prison sentences served consecutively.

{¶10}    Nutter's challenges to the court's discretion in imposing a four-year prison sentence cannot overcome the statutory bar to an appeal from a sentence that is authorized law, has been agreed to by the parties, and is duly imposed by a sentencing judge.  *See Underwood*, 2010-Ohio-1, at ¶ 21. This Court lacks authority to address the merits of his argument pursuant to R.C. 2953.08(D)(1).

{¶11}  Nutter's sole assignment of error is overruled.

III.

{¶12}  Nutter's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

STEPHEN M. GRACHANIN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.