**[Cite as *State v. Zazzara*, 2019-Ohio-662.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0007-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RYAN ZAZZARA | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 15CR0248 |

DECISION AND JOURNAL ENTRY

Dated: February 25, 2019

CARR, Judge.

{¶1} Appellant, Ryan Zazzara, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2015, the Medina County Grand Jury indicted Zazzara on one count of trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree. After initially pleading not guilty at arraignment, Zazzara ultimately pleaded guilty to the charge. Zazzara and the State agreed on a jointly-recommended sentence of a nonresidential community control sanction with a further recommendation that any violation would result in an 18-month prison sentence. In its September 16, 2015 sentencing entry, the trial court imposed a three-year community control sanction and outlined a number of conditions. The trial court further stated that "[u]pon any violation of this sentence, the Court shall sentence [Zazzara] to a prison term of eighteen (18) months."

{¶3}    On January 27, 2017, Zazzara's probation officer filed a complaint alleging that Zazzara had violated the terms and conditions of his supervision.  After initially denying the allegation, Zazzara entered a plea of admission.  The trial court ordered that Zazzara undergo an evaluation for the Community Based Correctional Facility ("CBCF") program.  Subsequently, upon recommendation of the Medina County Adult Probation Department, the trial court ordered Zazzara to complete the CBCF program.

{¶4}    On December 21, 2017, Zazzara's probation officer filed another complaint alleging that Zazzara had violated the terms and conditions of his supervision by failing to complete his required community service hours.  Zazzara entered a plea of admission.  The trial court imposed an 18-month prison sentence with credit for time served.

{¶5}    On appeal, Zazzara raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE GRAND JURY INDICTMENT FAILED TO INCLUDE A FINDING OF PROBABLE CAUSE AND IS THEREFORE VOID HAVING FAILED ITS PRIMARY PURPOSE.

{¶6}    In his first assignment of error, Zazzara contends that the indictment in this case is void because it did not specifically state a finding of probable cause.  This Court disagrees.

{¶7}    Zazzara is barred from raising a challenge to the indictment at this time.  "'Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated.'"  *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, quoting *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9.  Zazzara maintains that this Court may address the issue because it constitutes "a fundamental and systematic error."  However, under similar circumstances where an appellant

argued that the lack of a specific probable cause finding rendered an indictment void, this Court noted that objections based on defects in the indictment must be raised prior to trial pursuant to Crim.R. 12(C)(2). *State v. Stevens*, 9th Dist. Medina Nos. 16CA0033-M, 16CA0034-M, 2017-Ohio-5482, ¶ 7. Here, Zazzara neither raised this issue in the trial court, nor did he attempt to raise the issue in a direct appeal from the September 16, 2015 sentencing entry. Under these circumstances, where Zazzara had an opportunity to raise the issue and he declined to do so, he is now precluded from raising the issue under the doctrine of res judicata.

{¶8}   Zazzara's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM EIGHTEEN MONTHS IN PRISON ON HIS FIRST EVER FELONY CONVICTION AND HIS FIRST EVER PRISON SENTENCE, AND WHEN THE FACTS AND CIRCUMSTANCES OF HIS CRIME WERE NOT THE WORST LEVEL OF THE OFFENSE AND DID NOT WARRANT THE MAXIMUM PRISON SENTENCE.

{¶9}   In his second assignment of error, Zazzara contends that the record is devoid of clear and convincing evidence to support the trial court's decision to impose a maximum 18-month term of incarceration in this case. Zazzara maintains that he was a first-time felony offender with a mental illness and that he did not commit the most serious form of the offense. This Court disagrees.

{¶10} Generally speaking, a defendant cannot challenge a jointly-recommended sentence on appeal. *State v. Deniro*, 9th Dist. Summit No. 28263, 2017-Ohio-1025, ¶ 22. R.C. 2953.08(D)(1) states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is "authorized by law * * * only if it comports with all mandatory sentencing provisions." *State v.*

*Hamlin*, 9th Dist. Summit No. 27650, 2016-Ohio-1196, ¶ 7, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, paragraph two of the syllabus.

{¶11} A review of the transcript reveals that the sentence in this matter was jointly recommended by the State and the defendant. When the parties appeared for the change-of-plea hearing, the State set out the terms of the plea agreement and further stated that "we are agreeing to join the Defense in recommending nonresidential community control sanctions, meaning probation, without any incarceration at the time of sentencing. However, the parties are agreeing that upon a violation, we are recommending that the Court say that upon a violation, [Zazzara] would face an 18-month prison sentence." Defense counsel subsequently confirmed that "[a]ll of the specific terms that [the assistant prosecutor] has stated are the terms that we agreed upon." Zazzara then pleaded guilty to the charge of trespass in a habitation when a person is present or likely to be present. The trial court accepted Zazzara's guilty plea, found him guilty, and proceeded to sentencing. The trial court indicated that it would adopt and impose the jointly-recommended sentence. In its sentencing entry, the trial court imposed a three-year term of nonresidential community control sanctions and further noted that it would impose an 18-month prison sentence if Zazzara violated the terms of community control.

{¶12} Under these circumstances, this Court is precluded from reaching the merits of Zazzara's assignment of error. Zazzara challenges his sentence on the basis that an 18-month prison sentence is excessive in light of the record in this matter. However, in addition to the fact that the parties jointly recommended the sentence in this matter, Zazzara acknowledges in his merit brief that his sentence was not contrary to law. There is no dispute that the sentence was imposed by a sentencing judge. Thus, while Zazzara maintains that his sentence was not

supported by the record, this Court lacks authority to address the merits of his argument pursuant to R.C. 2953.08(D)(1).

{¶13} The second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

IS A TRIAL COURT PERMITTED TO CONSIDER AND UTILIZE INFORMATION OUTSIDE THE FRAMEWORK OF SENTENCING HEARING, OUTSIDE AN OPEN COURT, AND WITHOUT DISCLOSING SUCH INFORMATION TO THE DEFENDANT IN SENTENCING DEFENDANT TO PRISON? (SIC)

{¶14} In support of his final assignment of error, Zazzara notes that "[i]n all cases in the mental health intervention court, the treatment team and probation officers meet separately and privately with the judge to discuss cases and address issues from the mental diagnosis through the allegations of the probation violation." Zazzara further contends that the defendant is not present at these meetings and that the discussion is not recorded for the purposes of appellate review. Although Zazzara discusses the general practices in mental health intervention court, he has not explained how the trial court's procedure constituted reversible error in this case. An appellant has the burden of affirmatively demonstrating error on appeal and providing the relevant portions of the record evincing that error. *State v. Figueroa*, 9th Dist. Lorain No. 15CA010856, 2016-Ohio-6969, ¶ 8. Here, Zazzara has neither cited legal authority in support of his argument pursuant to App.R. 16(A)(7), nor has he supported his position with citations to the trial court record. This Court has often stated that "an appellant's assignment of error provides this Court with a roadmap to guide our review." *Akron v. Johnson*, 9th Dist. Summit No. 26047, 2012-Ohio-1387, ¶ 3. Under circumstances such as this, where Zazzara has not identified in the record the error on which the assignment of error is based, we decline to chart our own course.

*Id.* at ¶ 3, citing App.R. 12(A)(2). It follows that Zazzara's final assignment of error is overruled.

### III.

**{¶15}** Zazzara's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.