[Cite as *State v. Ortiz*, 2019-Ohio-822.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 18CA011253 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| ADAM ORTIZ | COURT OF COMMON PLEAS |
| | COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CR089131 |

DECISION AND JOURNAL ENTRY

Dated: March 11, 2019

TEODOSIO, Judge.

{¶1} Defendant-Appellant, Adam Ortiz, appeals from his convictions in the Lorain County Court of Common Pleas. This Court reverses.

I.

{¶2} In 2014, Mr. Ortiz was indicted on two counts of tampering with evidence, four counts of obstructing justice, one count of possessing criminal tools, one count of abusing a corpse, one firearm specification, and one forfeiture specification. The obstruction counts, in particular, were charged as follows: (1) a third-degree felony in violation of R.C. 2921.32(A)(4); (2) a third-degree felony in violation of R.C. 2921.32(A)(5); (3) a fifth-degree felony in violation of R.C. 2921.32(A)(4); and (4) a fifth-degree felony in violation of R.C. 2921.32(A)(5). Mr. Ortiz ultimately signed a written plea agreement, and the parties jointly recommended a sentence to the trial court. The written plea agreement provided for a guilty plea on all four counts of obstructing justice. At the plea hearing, however, the court only accepted Mr. Ortiz' plea on two

counts of obstructing justice. Neither the court, nor the parties addressed the remaining two counts. The court then imposed the agreed upon sentence and ordered Mr. Ortiz to successfully complete CBCF and five years of community control. His sentence further provided that, if he violated its terms, he would be subject to nine years in prison. The court's sentencing entry did not address two counts of obstructing justice.

{¶3} Mr. Ortiz was unsuccessfully terminated from his CBCF program and, as a result, was arrested for violating the conditions of his community control. The trial court held a hearing and found him guilty of the community control violation. Due to the de minimus nature of the violation, however, the court declined to impose a prison term. Instead, it ordered Mr. Ortiz to serve thirty days in jail before commencing his five-year term of community control. The court cautioned Mr. Ortiz that any further violation would result in a prison sentence.

{¶4} Mr. Ortiz was later charged with drug trafficking and came before the court on a second community control violation. Following his hearing, the court sentenced him to prison. In its sentencing entry, the court indicated that Mr. Ortiz had pleaded guilty to eight counts, including four counts of obstructing justice. The court indicated that it was not imposing a sentence on two of the counts of obstructing justice because those counts merged with the other two counts of obstructing justice. Consistent with the terms of the agreed upon sentence, the trial court sentenced Mr. Ortiz to nine years in prison.

{¶5} Mr. Ortiz now appeals from his convictions and raises two assignments of error. Upon review, we consolidate his assignments of error.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED TO THE DETRIMENT OF [] ORTIZ BY SENTENCING HIM TO CONSECUTIVE SENTENCES, WHICH WAS

CONTRARY TO R.C. § 2941.25 SINCE ORTIZ'S CONDUCT: (1) WAS OF SIMILAR IMPORT; (2) WAS COMMITTED AS A WHOLE DURING ONE SINGLE PERIOD; AND, (3) HAD ONE ANIMUS.  THE AGREEMENT REACHED BY ORTIZ, THE COURT AND THE PARTIES WAS CONTRARY TO LAW AND THEREFORE VOID AND UNENFORCEABLE.

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT ERRED TO THE DETRIMENT OF ORTIZ WHEN THE COURT SENTENCED HIM TO NINE YEARS IN PRISON, WHICH IS CONTRARY TO R.C. § 2929.11 AS SHOWN BY CLEAR AND CONVINCING EVIDENCE.

**{¶6}** In his assignments of error, Mr. Ortiz asserts that his nine-year prison sentence is contrary to law for a variety of reasons.  Because this matter must be reversed on other grounds, we cannot address the merits of his arguments.

**{¶7}** As previously noted, Mr. Ortiz was indicted on four counts of obstructing justice, but only pleaded guilty to two counts.  At his plea hearing, the court discussed and set forth the penalties on two counts of obstructing justice,[1] one of which it described as "a felony of the third degree" and one of which it described as "a felony of the fifth degree."  Neither the court, nor the parties discussed the conduct underlying those offenses, the elements of those offenses, or the specific statutory subsections from which those offenses arose.  Moreover, neither the court, nor the parties called attention to the fact that Mr. Ortiz had been charged with *four* counts of obstructing justice, not two.  The sentencing entry that the court issued upon the plea provided that Mr. Ortiz had pleaded guilty to "Obstructing Justice, a violation of R.C. 2921.32(A)(4), a Third Degree Felony" and "Obstructing Justice, a violation of R.C. 2921.32(A)(5), a Fifth Degree Felony."  The entry did not address the two remaining counts of obstructing justice.

---

[1] The court consistently referred to the counts as counts of obstructing official business, rather than counts of obstructing justice.  Mr. Ortiz, however, was never charged with obstructing official business under R.C. 2921.31.

{¶8}     Upon Mr. Ortiz' second community control violation, the court conducted another hearing.  At the hearing, the parties argued about the appropriate sentence to impose upon Mr. Ortiz.  It was the State's position that the court ought to impose the agreed upon sentence of nine years in prison.  It was Mr. Ortiz' position that a nine-year sentence would be contrary to law because all of his offenses were subject to merger.  Throughout the hearing, both the parties and the court only referred to the six counts to which Mr. Ortiz had pleaded guilty.  There was no discussion of the two additional, indicted counts for obstructing justice.  Moreover, the State confirmed that merger was never discussed at or before the original sentencing hearing.  After listening to both parties, the court found that none of Mr. Ortiz' six counts were subject to merger.  It then announced that it would sentence Mr. Ortiz to a total of nine years in prison on his six counts.

{¶9}     When the trial court issued its sentencing entry on Mr. Ortiz' second community control violation, it included in the entry all four indicted counts of obstructing justice.  The court indicated that Mr. Ortiz had been found guilty of all four counts as a result of his guilty plea.  It then sentenced him on two of those counts and ordered the other two counts to merge as allied offenses of similar import.  The court sentenced Mr. Ortiz to a total of nine years in prison.

{¶10}   Upon an initial review of the record, it became apparent to this Court that the trial court had found Mr. Ortiz guilty of two counts of obstructing justice in the absence of a guilty plea or guilty verdict on those counts.  We, therefore, asked the parties to brief that issue. *See State v. Ortiz*, 9th Dist. Lorain No. 18CA011253 (Jan. 17, 2019).  Both parties complied, and thus, have been afforded the opportunity to brief an issue that neither party initially raised on appeal. *See State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 21.

{¶11} A conviction may arise in one of four manners: "[a] guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial * * *." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 12. At its core, a conviction represents "the legal ascertainment of guilt." *State v. Henderson*, 58 Ohio St.2d 171, 174 (1979). Thus, whatever the manner of conviction, it is axiomatic that a defendant's guilt must be "legally adjudicated [] before an appropriate penalty or treatment is determined." *Id.* at 178. An accused has a constitutionally-protected "right to have the [S]tate prove guilt beyond a reasonable doubt * * *," *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 21, and "to have [a] jury, rather than the judge, reach the requisite finding of 'guilty.'" *Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993). Absent a valid waiver of those rights (e.g., a plea or a waiver of one's right to a jury trial), a complete denial of those rights "unquestionably qualifies as 'structural error.'" *Id.* at 281-282.

{¶12} The record reflects that, at the time of his second community control violation, the trial court found Mr. Ortiz guilty of two counts of obstructing justice in the absence of a "legal ascertainment of [his] guilt" on those counts. *Henderson* at 174. The court never discussed those counts at the original plea hearing, so Mr. Ortiz never pleaded guilty to those counts. Likewise, no jury or bench trial ever occurred in this matter. By finding Mr. Ortiz guilty on those two counts in the absence of a plea or a trial at which the State proved his guilt beyond a reasonable doubt, the court denied Mr. Ortiz his constitutionally-protected rights and committed a structural error. *Sullivan* at 281-282. Pursuant to that determination, Mr. Ortiz' sentence is vacated, and the matter is remanded for further proceedings consistent with the foregoing opinion.

III.

**{¶13}** This Court cannot address the merits of Mr. Ortiz' assignments of error. For the reasons outlined above, the judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.