[Cite as *State v. Armbruster*, 2019-Ohio-4965.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JAMIE M. ARMBRUSTER

    Appellant

C.A. Nos.    29370
               29371
               29372

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR-2016-08-2979
               CR-2015-03-0794
               CR-2015-09-2902

## DECISION AND JOURNAL ENTRY

Dated: December 4, 2019

HENSAL, Judge.

{¶1} Jamie Armbruster appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This is a consolidated appeal of three separate criminal cases: CR-2015-03-0794 ("First Case"), CR-2015-09-2902 ("Second Case"), and CR-2016-08-2979 ("Third Case"). In the First Case, a grand jury indicted Ms. Armbruster on counts for possession of heroin in violation of Revised Code Section 2925.11(A),(C)(6), illegal use or possession of drug paraphernalia in violation of Section 2925.14(C)(1), and possessing drug abuse instruments in violation of Section 2925.12. Ms. Armbruster moved for intervention in lieu of conviction ("IILC"), which the trial court granted. While in the IILC program, a grand jury indicted Ms.

Armbruster in the Second Case on the same three charges as the First Case. The trial court terminated Ms. Armbruster from the IILC program and reinstated the First Case. Ms. Armbruster then pleaded guilty to all of the charges in the First and Second Cases.

{¶3} The trial court sentenced Ms. Armbruster to 24 months of community control on each of the six counts, which it ordered to be served concurrently. The trial court also indicated that, if Ms. Armbruster violated the conditions of her community control, it would impose a total of 19 months of imprisonment for the First and Second Case.

{¶4} Less than one year later, a grand jury indicted Ms. Armbruster in the Third Case on the same three charges. Ms. Armbruster pleaded guilty to the possession-of-heroin count, and the State dismissed the remaining two charges. The trial court sentenced her to 24 months of community control. The trial court advised Ms. Armbruster that if she violated the conditions of her community control, it could impose a prison term of 12 months, which it would run consecutively to the 19-month sentence from the First and Second Case, for a total of 31 months of imprisonment.

{¶5} Ms. Armbruster later pleaded guilty to community-control violations in the First and Second Case. As a result, the trial court extended her community control for an additional two years. Shortly thereafter, all three cases were re-assigned to a new trial judge. After that, Ms. Armbruster pleaded guilty to community-control violations in all three cases, and the new trial judge modified her sentence in each case to 90 days in the Summit County Jail, to be served concurrently with each other. The trial court also extended her community control for another nine months.

{¶6} The cases were then re-assigned to another (third) trial judge, and the State moved to set aside Ms. Armbruster's modified sentences. In doing so, the State argued that each case

contained a conviction of at least one felony of the fifth degree, which is punishable by 6-12 months in prison. It argued that the prior trial judge, therefore, erred by imposing a 90-day jail term. The trial court granted the State's motion, holding that the prior orders modifying Ms. Armbruster's sentences were nullities because the trial court lacked jurisdiction to modify its sentences. Ms. Armbruster has appealed, raising one assignment of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION TO SET ASIDE APPELLANT'S MODIFIED SENTENCES.

{¶7} In her assignment of error, Ms. Armbruster argues that the trial court erred by granting the State's motion to set aside her modified sentences. More specifically, she argues that the trial court properly exercised its discretion when it modified her sentences in all three cases and sentenced her to 90 days in jail. She also argues that, since the trial court's orders modifying her sentences were final orders, the trial court lacked jurisdiction to later set aside those sentences. Ms. Armbruster further argues that the State should have appealed the trial court's orders that modified her sentences, and that its failure to do so results in its claims being barred by res judicata and the law-of-the-case doctrine. Lastly, she argues that any error in the trial court's sentencing was either invited or induced by the State. For the reasons that follow, Ms. Armbruster's arguments lack merit.

{¶8} "Generally, Ohio trial courts lack the authority to reconsider their own valid final judgments in criminal cases." *State v. Gilbert*, 1st Dist. Hamilton No. C-110382, 2013-Ohio-238, ¶ 5, citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, paragraph one of the syllabus. As this Court has stated, "[o]nce the trial court issue[s] its sentencing judgment * * *, it los[es] jurisdiction to substantively modify that final judgment. Any attempt to do so would be

a nullity." *State v. Simin*, 9th Dist. Summit No. 25309, 2011-Ohio-3198, ¶ 10. Exceptions exist, however, in situations involving void judgments or clerical errors. *Raber* at ¶ 20.

{¶9} Here, there is no dispute that the trial court's original sentencing judgments were final orders. Then, after the cases were re-assigned to a new trial judge, the new trial judge modified those sentences. It did not do so based upon those sentences being void, or to correct a clerical error. Instead, it simply disregarded the original sentences and issued new ones. It had no jurisdiction to do so. *Simin* at ¶ 10. Accordingly, the judgments modifying Ms. Armbruster's sentences were nullities, thereby giving the trial court the inherent authority to vacate those judgments. *Id.*; *State v. Kirk*, 9th Dist. Lorain No. 15CA010896, 2016-Ohio-6970, ¶ 8 (noting that courts have the inherent authority to recognize and vacate nullities); *see Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, paragraph three of the syllabus ("A court has the inherent authority to vacate its own void judgments."); *Tucker v. Dennis Baughman Co., Ltd.*, 9th Dist. Summit Nos. 26620, 26635, 2014-Ohio-2040, ¶ 6 ("If a trial court lacks jurisdiction, any order it enters is a nullity and is void."). Because those judgments were nullities based upon the trial court's lack of authority to modify its prior final orders, Ms. Armbruster's arguments related to res judicata and the doctrines of invited error and law of the case lack merit. *See State v. Banks*, 10th Dist. Franklin No. 15AP-653, 2015-Ohio-5372, ¶ 14 ("Void sentences * * * are subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine."); *State v. Minkner*, 194 Ohio App.3d 694, 2011-Ohio-3106, ¶ 25 (2d Dist.) ("Parties to an action cannot, through invited error, confer jurisdiction where none exists."). In light of the foregoing, Ms. Armbruster's assignment of error is overruled.

5

III.

{¶10} Ms. Armbruster's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DONALD R. HICKS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.