[Cite as *State v. Ortiz*, 2020-Ohio-4013.]

STATE OF OHIO          )
                     )ss:
COUNTY OF LORAIN    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

v.

ADAM K. ORTIZ

    Appellant

C.A. No.     19CA011498

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     14CR089131

DECISION AND JOURNAL ENTRY

Dated: August 10, 2020

CARR, Presiding Judge.

{¶1} Appellant, Adam Ortiz, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter emanates from a series of events that occurred after the tragic shooting of D.M. on May 16, 2013. This Court set forth many of the procedural facts in Ortiz's prior appeal.

> In 2014, [] Ortiz was indicted on two counts of tampering with evidence, four counts of obstructing justice, one count of possessing criminal tools, one count of abusing a corpse, one firearm specification, and one forfeiture specification. The obstruction counts, in particular, were charged as follows: (1) a third-degree felony in violation of R.C. 2921.21(A)(4); (2) a third-degree felony in violation of R.C. 2921.32(A)(5); (3) a fifth-degree felony in violation of R.C. 2921.32(A)(4); and (4) a fifth-degree felony in violation of R.C. 2921.32(A)(5). [] Ortiz ultimately signed a written plea agreement, and the parties jointly recommended a sentence to the trial court. The written plea agreement provided for a guilty plea on all four counts of obstructing justice. At the plea hearing, however, the court only accepted [] Ortiz's plea on two counts of obstructing justice. Neither the court, nor the parties addressed the remaining two counts. The court then imposed the agreed upon sentence and ordered [] Ortiz to successfully complete CBCF and five years of community control. His sentence further provided that, if he violated its terms, he

would be subject to nine years in prison. The court's sentencing entry did not address two counts of obstructing justice.

[] Ortiz was unsuccessfully terminated from his CBCF program and, as a result, was arrested for violating the conditions of his community control. The trial court held a hearing and found him guilty of the community control violation. Due to the de minimus nature of the violation, however, the court declined to impose a prison term. Instead, it ordered [] Ortiz to serve thirty days in jail before commencing his five-year term of community control. The court cautioned [] Ortiz that any further violation would result in a prison sentence.

[] Ortiz was later charged with drug trafficking and came before the court on a second community control violation. Following his hearing, the court sentenced him to prison. In its sentencing entry, the court indicated that [] Ortiz had pleaded guilty to eight counts, including four counts of obstructing justice. The court indicated that it was not imposing a sentence on two of the counts of obstructing justice because those counts merged with the other two counts of obstructing justice. Consistent with the terms of the agreed upon sentence, the trial court sentenced [] Ortiz to nine years in prison.

*State v. Ortiz*, 9th Dist. Lorain No. 18CA011253, 2019-Ohio-822, ¶ 2-4.

{¶3} Ortiz appealed and raised multiple assignments of error challenging his sentence. This Court ultimately vacated Ortiz's sentence on other grounds. *Id*. at ¶ 6. In reviewing the record, this Court noted that the trial court's sentencing entry for the second community control violation included all four indicted counts of obstructing justice, despite the fact that Ortiz had only pleaded guilty to two of those counts. *Id*. at ¶ 7-8. Because the trial court found Ortiz guilty on two counts of obstructing justice in the absence of either guilty pleas or guilty verdicts on those counts, this Court concluded that there was structural error and vacated Ortiz's sentence and remanded the matter for further proceedings consistent with this decision. *Id*. at ¶ 12.

{¶4} On remand, the trial court dismissed the two counts of obstructing justice for which Ortiz had never pleaded guilty. With respect to the remaining counts, the trial court imposed a total prison sentence of nine years pursuant to the parties' agreement. The trial court issued its sentencing entry on March 26, 2019.

{¶5}   Ortiz filed a timely notice of appeal.  Now before this Court, Ortiz raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED TO THE DETRIMENT OF APPELLANT (ORTIZ) WHEN SAID COURT CONVICTED AND SENTENCED ORTIZ FOR SIX DIFFERENT CRIMES OF SIMILAR IMPORT, WHICH WAS CONTRARY TO R.C. [] 2941.25 BECAUSE ORTIZ'S CONDUCT: (1) WAS OF SIMILAR IMPORT; (2) WAS COMMITTED AS A WHOLE DURING ONE SINGLE PERIOD; AND, (3) HAD ONE ANIMUS.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED TO THE DETRIMENT OF ORTIZ WHEN THE TRIAL COURT SENTENCED ORTIZ TO NINE YEARS IN PRISON, WHICH WAS CONTRARY TO R.C. [] 2929.11[.]

{¶6}   In his first assignment of error, Ortiz contends that the trial court erred when it failed to merge allied offenses of similar import.  In his second assignments of error, Ortiz contends that his prison sentence was contrary to R.C. 2929.11.

{¶7}   R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."  It follows that, "[g]enerally speaking, a defendant cannot challenge a jointly-recommended sentence on appeal."  *State v. Zazzara*, 9th Dist. Medina No. 18CA0007-M, 2019-Ohio-662, ¶ 10.  "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions."  *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, paragraph two of the syllabus.  In *Underwood*, the Supreme Court held that "[w]hen a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review

of that sentence even though it was jointly recommended by the parties and imposed by the court." *Id*. at paragraph one of the syllabus.

{¶8}    On appeal, Ortiz contends that R.C. 2953.08(D)(1) does not apply in this case for a number of reasons.

{¶9}    Ortiz first argues that the trial court did not impose the agreed sentence. Ortiz maintains that the parties' agreement stipulated that he would be sentenced to community control and CBCF with the understanding that he would be sentenced to nine years in prison upon a violation. Because this Court vacated Ortiz's prison sentence after his second community control violation, Ortiz contends that the trial court never lawfully sentenced him to community control in the first instance, meaning that the imposition of a prison sentence would be premature. This argument is without merit. In Ortiz's prior appeal, this Court noted that the trial court "imposed the agreed upon sentence" at Ortiz's original sentencing. *Ortiz*, 2019-Ohio-822, at ¶ 2. After two community control violations, the trial court imposed the agreed nine-year prison sentence, although it indicated that Ortiz had pleaded guilty to four counts of obstructing justice instead of two. *Id*. at ¶ 4. This Court vacated Ortiz's prison sentence on the basis that the sentencing entry included two counts of obstructing justice for which Ortiz had never pleaded guilty. *Id*. at ¶ 12. Notably, this Court did not determine that the trial court's initial imposition of community control pursuant at the original sentencing hearing was void ab initio. Therefore, Ortiz cannot prevail on his argument that the trial court failed to properly impose community control pursuant to the agreed sentence.

{¶10}    Ortiz further argues that his sentence was not authorized by law because he was sentenced on allied of offenses of similar import. Specifically, Ortiz suggests that the actions he took while cleaning up the crime scene on May 16, 2013, constituted a single act and that he should

not have been sentenced on separate offenses related to each individual action he took throughout that process. "Failure to actively seek the merger of purported allied offenses at the trial court level forfeits the issue for appellate review." *State v. May*, 9th Dist. Lorain No. 17CA011204, 2018-Ohio-2996, ¶ 9, *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 15. "[F]ailure to object or make any allied offenses argument at sentencing forfeits all but plain error." *May* at ¶ 9. "Under a plain error review, any mistake by the trial court regarding allied offenses 'is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.'" *State v. Beech*, 9th Dist. Summit No. 29036, 2019-Ohio-120, ¶ 17, quoting *Rogers* at ¶ 3. Here, Ortiz did not raise an allied offenses argument at the time of his original sentencing when the trial court adopted the agreed sentence. As Ortiz has failed to set forth a plain error argument in his merit brief, this Court declines to create one on his behalf. *See State v. Boatright*, 9th Dist. Summit No. 28101, 2017-Ohio-5794, ¶ 8. Accordingly, Ortiz cannot prevail on his allied offenses claim.

{¶11} Finally, Ortiz contends that the total sentence of nine years imposed by the trial court in this matter was unlawful because it was inconsistent with the purposes of sentencing in R.C. 2929.11. Ortiz sets forth numerous arguments in support of his position, most notably that the individual who was responsible for the killing in this matter received only a six-year sentence. While the Supreme Court in *Underwood* held that the trial court must comply with all mandatory sentencing provisions in order for a sentence to be authorized by law, the high court further specified that "[o]ur holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony

sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances." *Underwood*, 2010-Ohio-1, at ¶ 22. Here, the trial court imposed a prison sentence that was jointly recommended by Ortiz and the State. Therefore, Ortiz is barred from challenging the sentence on the basis that it failed to comply with R.C. 2929.11.

{¶12} The first and second assignments of error are overruled.

III.

{¶13} Ortiz's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.