[Cite as *State v. Perez*, 2025-Ohio-5357.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 24AP0027 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JONATHAN PEREZ | COURT OF COMMON PLEAS |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2021 CRC-I 000268 |

DECISION AND JOURNAL ENTRY

Dated: December 1, 2025

HENSAL, Judge.

{¶1} Jonathan Perez appeals the sentence imposed by the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Perez pleaded guilty to involuntary manslaughter and two counts of felonious assault arising from a shooting that involved three victims. He also pleaded guilty to the firearm specifications that accompanied each charge of felonious assault. The trial court found him guilty and sentenced him to a stated prison term of six to nine years for involuntary manslaughter. The trial court sentenced him to stated prison terms of four to six years for each count of felonious assault and ordered those sentences to be served concurrently with each other but consecutive to the sentence for involuntary manslaughter. The trial court also sentenced him to two three-year mandatory prison terms for each firearm specification, resulting in a total stated term of twelve to

fifteen years in prison. Mr. Perez appealed his sentence, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT SENTENCED HIM FOR ALLIED OFFENSES OF SIMILAR IMPORT, IN DIRECT CONTRAVENTION OF THE DOUBLE JEOPARDY CLAUSES [*SIC*].

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO MERGE LIKE OFFENSES COMMITTED IN [THE] SAME ACT, IN DIRECT CONTRAVENTION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION.

**{¶3}** Mr. Perez's assignments of error both argue that the trial court erred by failing to merge his convictions for purposes of sentencing. Because Mr. Perez did not raise this issue at sentencing, it is forfeited.

**{¶4}** "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error . . . ." *State v. Rogers*, 2015-Ohio-2459, ¶ 3. To establish plain error, an appellant must demonstrate three things: "that 'an error occurred, that the error was obvious, and that there is "a reasonable probability that the error resulted in prejudice,"'" *State v. Bailey*, 2022-Ohio-4407, ¶ 8, quoting *State v. McAlpin* 2022-Ohio-1567, ¶ 66 Under these circumstances, "intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Id.* at ¶ 8. When an appellant forfeits an allied-offense argument and fails to argue plain error on appeal, this Court will not develop an argument on his behalf. *State v. Yoho*, 2024-Ohio-1725, ¶ 30 (9th Dist.).

**{¶5}** Mr. Perez did not raise the issue of allied offenses in the trial court, so he has forfeited all but plain error on appeal. *See Rogers* at ¶ 3. He has not developed a plain-error

argument, however, and this Court declines to develop one on his behalf. *See Yoho* at ¶ 30. Mr. Perez's first and second assignments of error are overruled.

III.

**{¶6}** Mr. Perez's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
<u>CONCUR.</u>

APPEARANCES:

JONATHAN PEREZ, pro se, Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH F. SALZGEBER, Assistant Prosecuting Attorney, for Appellee.