[Cite as *State v. Wood*, 2026-Ohio-226.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 2024CA0089-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KATRINA L. WOOD | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 22CR0219 |

DECISION AND JOURNAL ENTRY

Dated: January 26, 2026

CARR, Judge.

{¶1} Defendant-Appellant Katrina Wood appeals the judgments of the Medina County Court of Common Pleas. This court affirms.

I.

{¶2} In March 2022, an indictment was filed charging Wood with one count of felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony. The victim was Wood's husband. Wood entered a plea of not guilty by reason of insanity. Thereafter, the trial court ordered Wood to undergo a competency evaluation. In August 2022, Wood was found competent to stand trial.

{¶3} On August 25, 2022, Wood withdrew her former plea and pleaded guilty to the indictment. The written plea specified that there was a joint recommendation of non-residential community control with a reserved sentence of 6-9 years in prison for a violation. The document

is signed by Wood, her counsel, the prosecutor, and the trial judge. Wood was sentenced to three years of community control with a reserved sentence of 6-9 years in prison.

{¶4} On November 6, 2023, a statement of violation of community control was filed and a hearing on the violation was scheduled for November 16, 2023. When Wood failed to appear at the hearing, a capias was issued. Wood was arrested on May 29, 2024. The hearing was rescheduled to July 2, 2024. An additional statement of violations was filed June 28, 2024. Following multiple continuances, on September 5, 2024, Wood entered a plea of admission to the violations. The trial court imposed the reserved sentence of 6-9 years in prison.

{¶5} On September 16, 2024, Wood filed a motion for resentencing. Wood argued that the victim was not notified of the prior sentencing date in violation of Marsy's Law. Wood also asserted that the trial court may have been improperly influenced by the facts surrounding Wood's arrest in determining her sentence.

{¶6} A hearing was held October 17, 2024. The State indicated that the victim had not requested to be notified of additional proceedings. The victim did not contest that he had not completed notification paperwork. The victim spoke at the hearing in support of Wood asserting that she had mental health and medical conditions and did not deserve the sentence she received. The victim also noted that he repeatedly sought to have the no-contact order removed so that he could help Wood.

{¶7} On October 21, 2024, the trial court issued an entry denying Wood's motion. Therein, the trial court concluded, inter alia, that it lacked jurisdiction to resentence Wood.

{¶8} Wood appealed both the September 5, 2024, and October 21, 2024, entries. As to the former, Wood's motion for a delayed appeal was granted. Wood has raised three assignments of error for our review, some of which will be consolidated to facilitate our analysis.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, KATRINA WOOD, BY SENTENCING HER TO SIX TO NINE YEARS IN PRISON AS SAID SENTENCE IS EXCESSIVE AND CONSTITUTES AN ABUSE OF DISCRETION BY THE COURT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN REASONING THAT IT WAS BOUND TO SENTENCE THE APPELLANT TO SIX TO NINE YEARS IN PRISON, BECAUSE IT WAS A JOINTLY RECOMMENDED SENTENCE AT THE TIME OF THE PLEA.

{¶9} Wood argues in her first assignment of error that the trial court erred in sentencing her as it failed to consider the factors under R.C. 2929.11 and 2929.12. Wood asserts in her third assignment of error that the trial court erred when it concluded that it was bound to sentence her to 6-9 years in prison as it was an agreed sentence.

{¶10} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "It follows that, [g]enerally speaking, a defendant cannot challenge a jointly-recommended sentence on appeal." (Internal quotations omitted.) *State v. Ortiz,* 2020-Ohio-4013, ¶ 7 (9th Dist.), quoting *State v. Zazzara*, 2019-Ohio-662, ¶ 10 (9th Dist.). "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Ortiz* at ¶ 7, quoting *State v. Underwood*, 2010-Ohio-1, paragraph two of the syllabus. Nonetheless, "[w]hile . . . the trial court must comply with all mandatory sentencing provisions in order for a sentence to be authorized by law, the high court [in *Underwood*] further specified that '[o]ur holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would

otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances.'" *Ortiz* at ¶ 11, quoting *Underwood* at ¶ 22.

{¶11} As mentioned above, the sentence imposed by the trial court was jointly recommended. Wood has made no argument that the sentence falls outside the authorized range or is unauthorized by law in such a manner so as to render it reviewable. In fact, she has not developed any argument that R.C. 2953.08(D)(1) would be inapplicable under the circumstances. We are not inclined to develop one on her behalf. Both assignments of error address the trial court's discretion within sentencing, which the trial court did not exercise by imposing the jointly recommended sentence. *See State v. Shepherd*, 2024-Ohio-4618, ¶ 8-10 (9th Dist.). Wood has not convinced this Court that these issues are appealable under the circumstances. *See Ortiz* at ¶ 11; *Zazzara* at ¶ 12.

{¶12} Wood's first and third assignments of error are overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN NOT RESENTENCING THE APPELLANT SO THAT THE VICTIM COULD BE HEARD PURSUANT TO MAR[S]Y'S LAW.

{¶13} Wood argues in her second assignment of error that the trial court erred in failing to resentence Wood because the victim was not notified of the community control violation hearing.

{¶14} The trial court concluded that it lacked jurisdiction to resentence Wood. Wood has not demonstrated that the trial court erred in that conclusion. "[A]n order revoking community control and imposing a sentence is a final, appealable order because the order is made in a special

proceeding and affects a substantial right." *State v. Nichter*, 2019-Ohio-279, ¶ 24 (10th Dist.), quoting *State v. Ogle*, 2017-Ohio-869, ¶ 8 (4th Dist.). "Generally, Ohio trial courts lack the authority to reconsider their own valid final judgments in criminal cases." (Internal quotations and citations omitted.) *State v. Armbruster*, 2019-Ohio-4965, ¶ 8 (9th Dist.); *State v. Brown*, 2024-Ohio-6010, ¶ 5 (9th Dist.).

{¶15} Moreover, even if that were not the case, Wood lacks standing to raise the argument she now makes. Wood argues that the victim's rights under Marsy's law were violated. Wood has not pointed to any of her own rights that were violated. "[A]n appellant cannot raise issues on behalf of an aggrieved third-party, particularly when that party could have appealed the issue to protect his or her own interests." *In re Z.*, 2019-Ohio-1617, ¶ 27 (1st Dist.), quoting *In re T.W.*, 2013-Ohio-1754, ¶ 9 (1st Dist.); *In re J.J.*, 2002-Ohio-7330, ¶ 36 (9th Dist.).

{¶16} Wood's second assignment of error is overruled.

III.

{¶17} Wood's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

CHRISTINE A. RUSSO, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.