[Cite as *State v. Carner*, 2026-Ohio-1131.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No.      2025CA0020-M |
| | | |
|      Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| | | COURT OF COMMON PLEAS |
| BYRON T. CARNER | | COUNTY OF MEDINA, OHIO |
| | | CASE No.      2024-CR-0598 |
|      Appellant | | |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2026

---

FLAGG LANZINGER, Judge.

{¶1} Byron Carner appeals his sentence from the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} A grand jury indicted Carner on one count of aggravated robbery, one count of kidnapping, and one count of safecracking. Each count contained a three-year firearm specification under R.C. 2941.145(A). The charges were based upon allegations that Carner and a co-defendant robbed a Verizon store of $100,000.00 in merchandise. According to the State, Carner and his co-defendant sent a known drug addict into the Verizon store to "see if the Verizon was a good place to rob." Carner and his co-defendant then entered the store with their faces covered and armed with guns. Carner and his co-defendant forced the sole employee working at the time to the back of the store where the safe was located. Carner and/or his co-defendant tied the employee's hands behind his back and forced him onto the ground while they waited for the

safe's timer to expire. When the timer went off, Carner and his co-defendant stole the merchandise inside the safe, including phones and tablets.

{¶3} Police later located Carner and his co-defendants at a laundromat through a tracking device on one of the stolen items. When the police approached Carner, he ran away on foot. While the record is not clear as to how much time elapsed before the police ultimately arrested Carner, the record reflects that Carner committed additional crimes during that time, including crimes in Belmont County.

{¶4} Carner initially pleaded not guilty. Carner later agreed to plead guilty to the charged offenses in exchange for a joint recommendation on sentencing of 10 to 12 years of incarceration. The trial court accepted Carner's plea, found him guilty, and—per the joint recommendation—sentenced Carner to 10 to 12 years of incarceration. The trial court then ordered Carner's sentence to run consecutively to a 30-month prison sentence Carner was serving in Belmont County for other crimes. Carner now appeals his sentence, raising two assignments of error for this Court's review.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPOSING SENTENCE ON ALLIED OFFENSES OF SIMILAR IMPORT.**

{¶5} In his first assignment of error, Carner argues that the trial court erred by failing to merge his convictions for purposes of sentencing. For the following reasons, this Court overrules Carner's first assignment of error.

{¶6} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "It follows that, '[g]enerally speaking, a defendant cannot challenge a jointly-recommended

sentence on appeal.'" *State v. Ortiz*, 2020-Ohio-4013, ¶ 7 (9th Dist.), quoting *State v. Zazzara*, 2019-Ohio-662, ¶ 10 (9th Dist.).

{¶7} In *State v. Underwood*, the Ohio Supreme Court held that "[w]hen a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court." *State v. Underwood*, 2010-Ohio-1, paragraph one of the syllabus. "Even so, a defendant who pleads guilty may forfeit or waive an allied offense argument by either failing to timely assert it or intentionally abandoning it at the trial court level." *State v. Rouse*, 2018-Ohio-3266, ¶ 13 (9th Dist.). If a defendant forfeits an allied offense argument by failing to timely raise it at the trial court level, the defendant is limited to arguing plain error on appeal. *State v. Perez*, 2025-Ohio-5357, ¶ 4 (9th Dist.), quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 3 ("An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error . . . .").

{¶8} Here, the trial court imposed the jointly recommended sentence of 10 to 12 years of incarceration on Carner's convictions for aggravated robbery, kidnapping, and safecracking. At no point did Carner raise the issue of allied offenses of similar import at the trial court level. Consequently, Carner has forfeited all but plain error on appeal. *See Perez* at ¶ 4.

{¶9} To establish plain error, an appellant must establish that: (1) an error occurred; (2) the error was obvious; and (3) a reasonable probability exists that the error resulted in prejudice, meaning the error affected the outcome of the proceeding. *State v. Bailey*, 2022-Ohio-4407, ¶ 8. "When an appellant forfeits an allied-offense argument and fails to argue plain error on appeal, this Court will not develop an argument on his behalf." *Perez* at ¶ 4, citing *State v. Yoho*, 2024-Ohio-1725, ¶ 30 (9th Dist.). While Carner briefly refers to plain error in his appellate brief, he has

not set forth a plain error argument on appeal. *See* App.R. 16(A)(7). This Court will not construct a plain error argument on Carner's behalf. *See Perez* at ¶ 4. Carner's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPOSING CONSECUTIVE SENTENCES.**

{¶10} In his second assignment of error, Carner argues that the trial court erred by ordering his sentence in this case to run consecutively to his 30-month prison sentence in the Belmont County case. For the following reasons, this Court overrules Carner's second assignment of error.

{¶11} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶12} Under R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. First the trial court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender . . . ." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public . . . ." *Id.* Third, the trial court must find at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section

2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶13} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, syllabus. A trial court is not, however, required to explain its findings before imposing consecutive sentences. *Id.* "[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences[,]" but:

a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*Id.* at ¶ 28-29. As this Court has explained, "R.C. 2929.14(C) does not differentiate between imposing consecutive sentences on multiple counts in a single case and imposing consecutive sentences on multiple counts in separate cases." *State v. Wright*, 2024-Ohio-3142, ¶ 20 (9th Dist.), citing *State v. Fazenbaker*, 2021-Ohio-3447, ¶ 28 (9th Dist.).

{¶14} Here, the State addressed some of the underlying facts at the sentencing hearing, including that Carner entered the Verizon store with a gun, and that he and/or his co-defendant tied an employee's hands behind his back while they waited for the safe's timer to expire. The State and defense counsel also discussed the fact that Carner was currently serving a 30-month

prison sentence in Belmont County for theft and failure to comply with an order of a police officer. The State explained that Carner committed those crimes after he committed the crimes in this case, but before the police arrested him. The State also noted that Carner had other pending criminal cases, and had prior convictions for aggravated robbery, burglary, and assault. In light of Carner's criminal history, the State requested the trial court to order Carner's sentence to run consecutively to his 30-month prison sentence in the Belmont County case.

{¶15} The trial court indicated that it could not "think of a case in which consecutive [sentences] would be more appropriate than this case." The trial court recited the language of R.C. 2929.14(C)(4), and relied upon subsections (b) and (c) to support its imposition of consecutive sentences. In its subsequent sentencing entry, the trial court only relied upon subsection (b), that is:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

R.C. 2929.14(C)(4)(b).

{¶16} Carner argues on appeal that the record does not support the trial court's finding under subsection (b) because the employee Carner and his co-defendant tied up during the robbery did not suffer physical harm, and the police recovered the stolen merchandise. Carner also argues that, even though the trial court did not rely upon subsection (c) in its sentencing entry, the record did not support the trial court's finding under subsection (c) at the sentencing hearing because some of his criminal history involved crimes he committed as a juvenile. Carner further argues that, even if the record supports the trial court's finding in this regard, this Court should order the trial court to correct its sentencing entry to reflect its finding under subsection (c).

{¶17} Carner has failed to demonstrate that the record does not support the trial court's findings in support of consecutive sentences. Initially, the trial court's omission of any reference R.C. 2929.14(C)(4)(c) in its sentencing entry did not prevent the trial court from imposing consecutive sentences because a trial court is only required to make a finding under subsections (a), (b), or (c). *See State v. Gales*, 2023-Ohio-2753, ¶ 13 (9th Dist.). Additionally, the fact that the store employee did not suffer physical harm or that the police recovered the stolen merchandise does not require this Court to conclude that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b). The record reflects that Carner had a history of committing theft offenses, including the theft offense in Belmont County while he had a warrant out for his arrest on this case. The record also reflects that Carner and/or his co-defendant—armed with guns— tied up the Verizon employee, lead the employee to the back of the store, and forced the employee to wait there (tied up on the floor) until the safe's timer expired and they could steal the merchandise. Having reviewed the record, this Court concludes that the trial court made the required findings at the sentencing hearing, incorporated its findings into the sentencing entry, and that the record clearly and convincingly supports those findings. *See* R.C. 2953.08(G)(2); *Bonnell*, 2014-Ohio-3177, at ¶ 28-29. Accordingly, Carner's second assignment of error is overruled.

II.

{¶18} Carner's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

WILLIAM C. LIVINGSTON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.